NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ADAM MICHAEL KANE, Defendant - Appellant. | No. 14-10328 D.C. No. 2:06-cr-00264-NVW MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Howard D. McKibben, District Judge, Presiding**

Submitted June 22, 2015***

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Adam Michael Kane appeals from the district court's judgment and

challenges the 14-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The Honorable Howard D. McKibben, Senior United States District Judge for the District of Nevada, sitting by designation.

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Kane contends that he admitted to one of the allegations that he violated supervised release in exchange for the government's promise to dismiss the remaining allegations. Kane argues that the government breached this agreement when it discussed the dismissed allegations during his sentencing. Where a defendant fails to object below, we review the alleged breach of a plea agreement for plain error. *See Puckett v. United States*, 556 U.S. 129, 143 (2009). The district court did not err. Assuming that there was an agreement, the government complied with its obligations and dismissed the remaining allegations against Kane at his sentencing hearing. The government never agreed not to discuss the dismissed allegations at sentencing.

Kane next contends that he received ineffective assistance of counsel at sentencing because his attorney failed to object when the government discussed the dismissed allegations. Because the government's discussion of the dismissed allegations was proper, this claim necessarily fails. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to establish ineffectiveness, defendant must show that counsel's representation "fell below an objective standard of reasonableness").

**AFFIRMED.**